IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01064-BNB

MICHAEL DOYLE,

Applicant,

v.

KEVIN MILYARD, Warden, and
SUTHERS, Attorney General of the State of Colorado,

Respondents.

## ORDER OF DISMISSAL

Applicant Michael Doyle is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Doyle has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court conviction and sentence in Denver District Court case number 01CR2317. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Doyle previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of the same state court conviction and sentence. *See Doyle v. Archuleta*, No. 07-cv-01358-WYD-KMT (D. Colo. Jan. 6, 2010), *appeal dismissed*, No. 10-1013 (10th Cir. Mar. 31, 2010). Case number 07-cv-01358-WYD-KMT was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court finds that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Doyle must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Doyle alleges that he has not obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be
> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in

> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Doyle's claim in the instant action is not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Furthermore, given that Mr. Doyle's prior habeas corpus application was dismissed as time-barred, it appears that his claim challenging the same conviction and sentence in this action also is time-barred. It also was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Doyle's claim challenging the validity of his conviction and sentence in Denver District Court case number 01CR2317. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __24th__ day of __May__, 2010.

BY THE COURT:

_(signature)_
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 10-cv-01064-BNB

Michael Doyle
Prisoner No. 114917
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/24/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk